**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ELVIA RAMIREZ CHILEL #A 221-486-815** | **CIVIL ACTION NO. 3:26-CV-01943 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by pro se Petitioner Elvia Ramirez Chilel ("Chilel"). Chilel was previously detained at the Richwood Correctional Center in Richwood, Louisiana.

Because Chilel is no longer detained, the PETITION [Doc. 1] should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Chilel is a native and citizen of Guatemala. [Doc. 1 at 9]. According to the Executive Office for Immigration Review Automated Case Information System, Reyes was granted voluntary departure on July 7, 2026.[1] The Online Detainee Locator System indicates that Chilel is no longer detained.[2] Court staff has verified the accuracy of the online information— Chilel was deported.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the

[1] https://acis.eoir.justice.gov/en/caseInformation

[2] https://locator.ice.gov/odls/#/search

parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Chilel is no longer detained, so the Court cannot grant the relief requested in the PETITION. Therefore, the case is moot.

## III. <u>Conclusion</u>

Because Chilel's claim is moot, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 24th day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE